COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:     Angel Luis Martinez, Jr. v. The State of Texas

Appellate case number:   01-14-00108-CR

Trial court case number:  70443

Trial court:             264th District Court of Bell County

This case was previously set for submission on October 14, 2014, without oral argument. A jury convicted appellant Angel Luis Martinez, Jr. of aggravated sexual assault of a child and assessed punishment of 50 years in prison. His court-appointed appellate attorney filed a brief that included a "professional evaluation of the record" and raised one argument for consideration by the court of appeals. The sole argument raised was that the redaction of the name of the jury foreman on the verdict sheets was contrary to federal and state constitutional requirements that courts be open.

The reporter's record in this case indicates that the jury's verdict was tendered in writing in open court, and that it was unanimous. The names of the jurors also appear in the reporter's record. The appellant's brief does not explain how or why the redaction of the jury foreman's name harmed Martinez, nor does the brief assert that there was any error in the judgment itself or irregularity in the jury proceedings that could be determined only by obtaining discovery from the unnamed jury foreman. The appellant's brief does not seek reversal of Martinez's conviction or any modification of the judgment. Indeed, the prayer for relief in the brief actually requests *affirmance* of Martinez's conviction and 50-year prison sentence: "Appellant Angel Luis Martinez, Jr. prays that this Court modify the verdict forms as requested herein, *and then affirm the judgment*; and for any and all other relief to which Martinez may be entitled." The brief did not raise arguable

grounds for review because it did not identify any error upon which reversal or modification of the judgment potentially could have been based. *See, e.g.*, *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (holding that appellate court determines whether appeal is wholly frivolous by reviewing the record to determine if any *reversible* error is shown) (citing *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967)).

If a conscientious examination of the record reveals no arguable grounds for appeal, the appointed attorney should file a motion to withdraw, accompanied by an *Anders* brief, which informs the appellate court that he "has made a thorough review of the record and the applicable law, but has nonetheless concluded that there is no plausible basis for appeal." *In re Schulman*, 252 S.W.3d 403, 406-07 (Tex. Crim. App. 2008). Appointed counsel must also (1) notify his client of the motion to withdraw and provide him a copy of both the motion and the *Anders* brief, (2) inform the client of his right to review the appellate record and file a pro se response, (3) inform the client of his right to seek discretionary review if the court of appeals determines that his appeal is frivolous, and (4) "take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes." *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

The brief in this case did not raise any arguable grounds for reversal on appeal, and indeed it prayed for affirmance of the trial court's judgment. Appellant's counsel did not move to withdraw, did not file an *Anders* brief, and made no other record indicating whether Martinez was appropriately advised of and assisted with his right to examine the appellate record and file a pro se response. *See id.*

Accordingly, this case is removed from the October 14, 2014 submission docket. Appellant's counsel is ordered to file with this court either an amended brief that raises an arguable ground for reversal or a motion to withdraw accompanied by an *Anders* brief that complies with the minimum requirements as established by the Court of Criminal Appeals in *Kelly*. *See id.*; *see also* TEX. R. APP. P. 6.5 ("Withdrawal"). The amended brief or motion to withdraw and accompanying *Anders* brief is due 14 days from the date of this order.

It is so ORDERED.

Judge's signature: /s/ Michael Massengale

Justice Massengale, Acting Individually

Date: October 9, 2014